Docket No. 2013-1106

# United States Court of Appeals
*for the*
# Federal Circuit

————————————

CHIKEZIE OTTAH,

*Plaintiff-Appellant,*

-v.-

VERIFONE SYSTEMS, INC.

*Defendant-Appellee.*

Appeal from the United States District Court
for the Southern District of New York in case no. 11-CV-6187,
Judge Richard M. Berman

## BRIEF AND APPENDIX FOR DEFENDANT-APPELLEE

OWEN W. DUKELOW
KOLISCH HARTWELL, P.C.
520 SW Yamhill St., Suite 200
Portland, Oregon 97204-1324
Phone: (503) 224-6655
Fax: (503) 295-6679
owen@khpatent.com

*Attorneys for Defendant-Appellee VeriFone
Systems, Inc.*

January 24, 2013

Form 9

FORM 9.   Certificate of Interest

---

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

Chikezie Ottah _____ v. VeriFone Systems, Inc. _____

No. 13-1106 _____

# CERTIFICATE OF INTEREST

Counsel for the (petitioner) (appellant) (respondent) (appellee) (amicus) (name of party)
appellee _____ certifies the following (use "None" if applicable; use extra sheets
if necessary):

1.      The full name of every party or amicus represented by me is:
VeriFone Systems, Inc.

_____

2.      The name of the real party in interest (if the party named in the caption is not the real
party in interest) represented by me is:
N/A

_____

3.      All parent corporations and any publicly held companies that own 10 percent or more
of the stock of the party or amicus curiae represented by me are:
None

_____

4. ☐   The names of all law firms and the partners or associates that appeared for the party
or amicus now represented by me in the trial court or agency or are expected to appear in this
court are:
Wilmer Cutler Pickering Hale and Dorr: Cosmin Maier

_____

Dec. 24, 2012 _____          _Owen Dukelow_____
        Date                                    Signature of counsel
                                        Owen W. Dukelow
                                        _____
                                        Printed name of counsel

Please Note: All questions must be answered
cc: _____

124

# TABLE OF CONTENTS

CERTIFICATE OF INTEREST ...................................................................i

TABLE OF AUTHORITIES…………………………………………….iii

INTRODUCTION, JURISDICTIONAL STATEMENT, AND STATEMENT OF THE CASE ................................................................................... 1

STATEMENT OF RELATED CASES .................................................. 3

STATEMENT OF THE ISSUES ........................................................... 4

STATEMENT OF THE FACTS ............................................................ 4

SUMMARY OF ARGUMENT .............................................................. 5

ARGUMENT.......................................................................................... 5

CONCLUSION ....................................................................................... 8

APPENDIX............................................................................................. 10

# TABLE OF AUTHORITIES

**Cases**

*Abbs v. Principi*, 237 F.3d 1342, 1345 (Fed. Cir. 2001) .............................................. 2

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986) ...................................... 8

*Bandag, Inc. v. Al Bolser's Tire Stores, Inc.*, 750 F.2d 903, 922 (Fed. Cir. 1984) ... 5

*Dawn Equip. Co. v. Kentucky Farms Inc.*, 140 F.3d 1009, 1015-16 (Fed. Cir. 1998) ................................................................................................................................ 7

*Exigent Tech, Inc. v. Atrana Solutions, Inc.*, 442 F.3d 1301, 1307-08 (Fed. Cir. 2006) ............................................................................................................................ 8

*Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995) ............ 6

*Nike Inc. v. Wolverine World Wide, Inc.*, 43 F.3d 644, 646 (Fed. Cir. 1994) .......... 8

*Phillips v. AWH Corp.*, 415 F.3d 1303, 1314 (Fed. Cir. 2005) (*en banc*)) ............... 6

*Refac Int'l, Ltd. v. Hitachi*, Ltd., 921 F.2d 1247, 1256, (Fed. Cir. 1990) .................. 2

*Smith v. Snow*, 294 U.S. 1, 11, 24 U.S.P.Q. 26, 30, 79 L. Ed. 721, 55 S. Ct. 279 (1935) ........................................................................................................................... 7

*SRI Int'l v. Matsushita Elec. Corp.*, 775 F.2d 1107, 1121 (Fed. Cir. 1985) (*en banc*) ....................................................................................................................... 6, 7

*Teleflex, Inc. v. Ficosa North America Corp.*, 299 F.3d 1313, 1323 (Fed. Cir. 2002) ................................................................................................................................ 8

**Statutes**

28 U.S.C. § 1295(a)(l) ................................................................................................ 1

28 U.S.C. §§ 1331 and 1338(a) ................................................................................. 1

**Rules**

Fed. R. App. 34(2)(A) ................................................................................................ 1

Fed. R. Civ. P. 56(c) .................................................................................................. 8

## I. INTRODUCTION, JURISDICTIONAL STATEMENT, AND STATEMENT OF THE CASE

Plaintiff-Appellant Chikezie Ottah (Ottah) alleged in the United States District Court for the Southern District of New York that VeriFone's mounts for electronic display screens in taxi cabs infringe US Pat. No. 7,152,840 ('840 patent). However, the sole claim of the '840 patent recites a book holder for removable attachment that does not bear any resemblance to VeriFone's mounts, which are riveted in place. The accused VeriFone mounts lack many limitations of the '840 patent's claim. Therefore, the District Court properly granted to VeriFone summary judgment of noninfringement.

The district court had jurisdiction over the actions under 28 U.S.C. §§ 1331 and 1338(a). This appeal is from the district court's:

(1) Opinion and Order granting on October 10, 2012 VeriFone's motion for summary judgment of noninfringement (A1-7); and

(2) Judgment on October 11, 2012 closing the case (A8).

Ottah filed a notice of appeal on November 28, 2012. This Court has jurisdiction of the appeal under 28 U.S.C. § 1295(a)(l).

Oral argument is not necessary in the present case because Ottah's appeal is frivolous. Fed. R. App. 34(2)(A). This appeal is frivolous as filed because Ottah does not even mention, much less make a cogent argument

1

about, any of the claim limitations that the District Court identified as absent in the accused product. *Compare* Ottah's Informal Brief *with* the District Court's Opinion and Order at A4-6. Ottah thus "grounds his appeal on arguments or issues that are beyond the reasonable contemplation of fair-minded people, and no basis for reversal in law or fact can be or is even arguably shown." *Abbs v. Principi*, 237 F.3d 1342, 1345 (Fed. Cir. 2001); *Refac Int'l, Ltd. v. Hitachi*, Ltd., 921 F.2d 1247, 1256, (Fed. Cir. 1990) (sanctionable that appellant failed to explain how the trial court erred and failed to present cogent and clear arguments for reversal).

.

## II. STATEMENT OF RELATED CASES

There are no related cases, but in 12-1405, Chikezie Ottah v. 1st Mobile Technologies, Ottah appealed from summary judgment of noninfringement of the same patent as in the present case, U.S. Pat. No. 7,152,840. That case involved a defendant unrelated to VeriFone making devices unrelated to VeriFone's mounts. This Court dismissed that appeal on June 14, 2012 for Ottah's failure to file an appeal brief, and issued on November 21, 2012 a per curiam order denying Ottah's motion to reinstate that appeal.

## III. STATEMENT OF THE ISSUES

Whether the district court properly granted summary judgment that VeriFone's mounts do not infringe the '840 patent.

## IV. STATEMENT OF THE FACTS

The district court below analyzed the claims as applied to the accused VeriFone mounts and determined that:

> VeriFone mounts do not contain (at least) several of the limitations in the '840 patent claim, including
> "[a] book holder for removable attachment";
> "[a] plurality of clamps disposed on the front surface to engage and retain the book";
> "[a] clasp spaced from the book support platform wherein the book holder is removably attached";
> "[a] telescoping arrangement axially adjusting the spaced relation between the book support platform and the clasp"; and
> "[a] pivotal connection on the book support platform pivotally adjusting the front surface with respect to the arm."

(A4 [formatting of claim limitations added] *and see* the '840 patent at col. 6, lines 14-38 (A16)).

The district court also determined, with respect to the claim limitations that the book holder is "for removable attachment" and "removably attached," that "VeriFone's mounts are anything but removable," because "[t]hey are 'riveted in place to the taxi's partition or seat' to discourage tampering and stealing of the electronic displays." *Id.*

The district court further ruled that VeriFone's mounts cannot infringe under the doctrine of equivalents because of Ottah's arguing to the USPTO that "'the use of **adjustable resilient clip arms** … for clasping the book holder to the movable vehicle providing **quick removal and attachment without tools** … is not obvious in light of the prior art.'" (A4-5 [emphasis added]). The district court recognized that Ottah made this argument to distinguish prior art and therefore prosecution history estoppel precludes Ottah's now arguing that the patent could cover VeriFone's riveted mounts. (A5-6).

## V. SUMMARY OF ARGUMENT

The Plaintiff-Appellant Ottah, in his brief to this Court has failed to raise any genuine issue of material fact. Ottah did not address, or even mention, any of the district court's reasons for granting summary judgment of noninfringement. Ottah has not raised any factual or legal basis for this Court to consider, and thus the summary judgment of noninfringement should be affirmed.

## VI.   ARGUMENT

The patent claim is "the sole measure of the patent grant." *Bandag, Inc. v. Al Bolser's Tire Stores, Inc.*, 750 F.2d 903, 922 (Fed. Cir. 1984).

"It is the *claims* that measure the invention." *SRI Int'l v. Matsushita Elec. Corp.*, 775 F.2d 1107, 1121 (Fed. Cir. 1985) (*en banc)* [emphasis in the original]. The district court properly construed claim 1 of the '840 patent in accordance with the accepted meaning of commonly understood words. (A2-3, citing *Phillips v. AWH Corp.*, 415 F.3d 1303, 1314 (Fed. Cir. 2005) (*en banc*)).

The appeal of summary judgment for noninfringement is frivolous and should be rejected because it fails to address any of the claim limitations. (*See* Ottah Informal Br. at ¶¶ 2-6). The district court compared "the properly construed claims to the device accused of infringing." *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995) (en banc), *aff'd*, 570 U.S. 370 (1996). (A2-6.) The district court determined that none of the following limitations are literally present:

> a book holder for removable attachment;
> a plurality of clamps disposed on the front surface to engage and retain the book;
> a clasp spaced from the book support platform wherein the book holder is removably attached;
> a telescoping arrangement axially adjusting the spaced relation between the book support platform and the clasp; and
> a pivotal connection on the book support platform pivotally adjusting the front surface with respect to the arm.

(A4).

The district court also properly concluded that the limitations on the book holder to be "for removable attachment" and "removably attached," are not infringed under the doctrine of equivalent due to prosecution history estoppel. (A4-6 and *supra* at pp. 4-5.) A plaintiff may provide evidence that a limitation is found in an accused device under the doctrine of equivalents, but Ottah has provided no such evidence. *Dawn Equip. Co. v. Kentucky Farms Inc.*, 140 F.3d 1009, 1015-16 (Fed. Cir. 1998). Ottah does not, and could not, dispute the district court's finding that VeriFone's mounts are not removably attached, but rather are riveted in place. (A4).

Ottah does not challenge any of the legal or factual bases for the district court's conclusions. Ottah's brief refers to a "claimed written section," "claimed drawing section," "drawing claimed section," and "claimed drawing" but provides no explanation for what this means or why it should be a basis for reversing the grant of summary judgment of noninfringement. (Ottah Informal Br. at ¶¶ 2-6). In any case, "the claims of the patent, not the specifications [i.e., the written description and the drawings], measure the invention." *SRI Int'l v. Matsushita Elec. Corp.*, 775 F.2d at 1122 (quoting *Smith v. Snow*, 294 U.S. 1, 11, 24 U.S.P.Q. 26, 30, 79 L. Ed. 721, 55 S. Ct. 279 (1935)). There is no basis for reversal in view of any "claimed written section," or "claimed drawing" and the summary

judgment should be affirmed. Summary judgment is proper because there are no genuine issues of material fact, and VeriFone is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Nike Inc. v. Wolverine World Wide, Inc.*, 43 F.3d 644, 646 (Fed. Cir. 1994).

VeriFone is entitled to summary judgment of noninfringement because it has demonstrated "an absence of evidence to support [plaintiff's] case," and, although infringement raises a question of fact, VeriFone "need not produce evidence showing the absence of a genuine issue of material fact" because plaintiff has the burden of proving infringement. *Exigent Tech, Inc. v. Atrana Solutions, Inc.*, 442 F.3d 1301, 1307-08 (Fed. Cir. 2006); *Teleflex, Inc. v. Ficosa North America Corp.*, 299 F.3d 1313, 1323 (Fed. Cir. 2002). VeriFone met its burden "by 'showing' - that is, pointing out to the district court - that there is an absence of evidence to support the nonmoving party's case." *Exigent* at 1308.

VI.    CONCLUSION

The district court properly granted summary judgment because its claim construction was correct, and its conclusion of noninfringement was also correct. The claim construction was correct for the reasons specifically stated in the district court's Order, and because of the prosecution history

and prior litigation, all of which were before the district court. Under the undisputed facts, no jury could find in favor of Ottah on his claims. For all of the foregoing reasons, VeriFone respectfully requests this Court to affirm the district court's grant of summary judgment of noninfringement and to award to VeriFone its costs and expenses in this appeal and such other relief as the Court may deem just.

Dated this 24th day of January 2013.

Respectfully submitted,

/s/ Owen W. Dukelow
Owen W. Dukelow
KOLISCH HARTWELL, P.C.
520 SW Yamhill St., Suite 200
Portland, Oregon 97204-1324
Phone: (503) 224-6655
Fax: (503) 295-6679
owen@khpatent.com

*Attorneys for Defendant-Appellee*
*VeriFone Systems, Inc.*

Docket No. 2013-1106

# United States Court of Appeals
*for the*
# Federal Circuit

————————————

CHIKEZIE OTTAH,

*Plaintiff-Appellant,*

-v.-

VERIFONE SYSTEMS, INC.

*Defendant-Appellee.*

Appeal from the United States District Court
for the Southern District of New York in case no. 11-CV-6187,
Judge Richard M. Berman

## TABLE OF CONTENTS TO APPENDIX OF DEFENDANT-APPELLEE

Opinion and Order of S.D.N.Y., granting on October 10, 2012 VeriFone's motion for summary judgment of noninfringement.......................A1

Judgment of S.D.N.Y. on October 11, 2012 closing the case…..………A8

U.S. Patent No. 7,152,840………………………..………….…A9

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/10/2012

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

CHIKEZIE OTTAH,                                    :
                                                   :    11 Civ. 6187 (RMB)
                        Plaintiff,                 :
                                                   :    **OPINION & ORDER**
        -against-                                  :
                                                   :
VERIFONE SYSTEMS, INC.,                            :
                                                   :
                        Defendant.                 :
-----------------------------------------------------------------X

        Having reviewed the record herein, including **(i)** the amended pro se complaint of

Chikezie Ottah ("Plaintiff" or "Ottah"), filed on February 7, 2012, against VeriFone Systems,

Inc. ("Defendant" or "VeriFone"), alleging that VeriFone's fixed mounts for electronic displays

in New York City taxicabs infringe his rights in United States Patent No. 7,152,840 (the "'840

Patent") and Australian Patent No. 2,003,231,638 (the "Australian Patent") covering a removable

"book holder" (Am. Compl., dated Feb. 6, 2012); **(ii)** the '840 Patent, dated December 26, 2006,

containing a single claim for a "book holder for removable attachment" (Decl. of Cosmin Maier,

dated June 4, 2012 ("Maier Decl."), Ex. 1); **(iii)** VeriFone's motion for summary judgment, filed

April 20, 2012, arguing, among other things, that (a) VeriFone's mounts do not "literally

infringe" the '840 Patent because they do not include, among other things, "a telescoping arm, a

clasp at one end of the arm with resilient clip arms for removably attaching the book holder, and

a book support platform pivotally attached to the arm and having clamps on a front surface to

hold a book"; (b) VeriFone's mounts do not infringe under the "doctrine of equivalents" because

Ottah previously argued to the United States Patent and Trademark Office ("USPTO") that his

book holder "can be attached quickly, removably, and without tools," whereas VeriFone's

mounts are riveted in place for "permanent attachment"; and (c) with respect to the Australian

Patent, Ottah "does not allege any products or sales, or other acts in Australia relating to infringement" (Mem. in Supp. of Def.'s Mot. for Summ. J. of Non-Infringement, dated Apr. 20, 2012 ("Def. Mem."), at 1, 14–17); **(iv)** Plaintiff's opposition, filed May 21, 2012, arguing, among other things, that (a) it is "obvious[] without a doubt" that the VeriFone mounts infringe the '840 Patent; (b) the '840 Patent "anticipated the technological development" of fixed installation in the partition of a motor vehicle; and (c) the Australian Patent "is to establish[] authority" of the '840 Patent (Mem. in Opp'n of Def. Mot. for Summ. J. of Non-Infringement, dated May 21, 2012 ("Pl. Opp'n"), at 5, 10, 12); **(v)** VeriFone's reply, filed June 4, 2012 (Reply in Supp. of Def.'s Mot. for Summ. J. of Non-Infringement, dated June 4, 2012 ("Def. Reply")); **(vi)** the Decision & Order, dated February 17, 2012, of United States District Judge Colleen McMahon finding in a separate action that the '840 Patent neither literally infringed nor infringed under the doctrine of equivalents a "vehicular computer docking station" manufactured by First Mobile Technologies, see Ottah v. First Mobile Techs., No. 10 Civ. 7296, 2012 WL 527200 (S.D.N.Y. Feb. 17, 2012); **(vii)** the transcript of the conference before the Court on March 19, 2012 in which the parties waived oral argument (Hr'g Tr., dated Mar. 19, 2012, at 6:4–16); and **(viii)** applicable legal authorities, **the Court hereby grants VeriFone's motion for summary judgment as follows:**

### No Literal Infringement

Defendant argues that the VeriFone mounts "lack many elements of the sole claim of the '840 [P]atent." (Def. Mem. at 1.) Plaintiff argues that the VeriFone mounts "have the same parts and function" as the '840 Patent. (Pl. Opp'n at 13.)

"An infringement analysis entails two steps. The first step is determining the meaning and scope of the patent claims asserted to be infringed. The second step is comparing the

2

Appendix, Page A2

properly construed claims to the device accused of infringing." Markman v. Westview

Instruments, Inc., 52 F.3d 967, 976 (Fed. Cir. 1995) (internal citations omitted). Where "the

ordinary meaning of claim language as understood by a person of skill in the art may be readily

apparent even to lay judges, [] claim construction in such cases involves little more than the

application of the widely accepted meaning of commonly understood words." Phillips v. AWH

Corp., 415 F.3d 1303, 1314 (Fed. Cir. 2005). "[T]o find infringement, the accused device must

contain each limitation of the claim, either literally or by an equivalent." TIP Sys., LLC v.

Phillips & Brooks/Gladwin, Inc., 529 F.3d 1364, 1379 (Fed. Cir. 2008) (internal quotation marks

omitted). "If, however, even one claim limitation is missing or not met, there is no literal

infringement." MicroStrategy Inc. v. Bus. Objects, S.A., 429 F.3d 1344, 1352 (Fed. Cir. 2005).

First, the Court finds that the '840 Patent's sole claim consists of commonly understood

words, such as "a book holder," "for removable attachment," "a clasp," and "an arm." See

Phillips, 415 F.3d at 1314. The claim reads as follows:

> 1. A book holder for removable attachment, the book holder
> comprising:
>
> a book support platform, the book support platform comprising a
> front surface, a rear surface and a plurality of clamps, the front
> surface adapted for supporting a book, the plurality of clamps
> disposed on the front surface to engage and retain the book to the
> book support platform, the rear surface separated from the front
> surface;
>
> a clasp comprising a clip head, a clip body and a pair of resilient
> clip arms, the clip arms adjustably mounted on the clip head, the
> clip head attached to the clip body; and
>
> an arm comprising a first end and a second end and a telescoping
> arrangement, the clasp on the first end, the second end pivotally
> attached to the book support platform, the telescoping arrangement
> interconnecting the first end to[] the second end, the clasp spaced
> from the book support platform wherein the book holder is
> removably attached and adjusted to a reading position by the

3

Appendix, Page A3

telescoping arrangement axially adjusting the spaced relation
between the book support platform and the clasp and the pivotal
connection on the book support platform pivotally adjusting the
front surface with respect to the arm.

(Maier Decl. Ex. 1.)

Second, the Court finds the VeriFone mounts do not contain (at least) several of the

limitations in the '840 Patent claim, including "[a] book holder for removable attachment"; "[a]

plurality of clamps disposed on the front surface to engage and retain the book"; "[a] clasp

spaced from the book support platform wherein the book holder is removably attached"; "[a]

telescoping arrangement axially adjusting the spaced relation between the book support platform

and the clasp"; and "[a] pivotal connection on the book support platform pivotally adjusting the

front surface with respect to the arm." (Maier Decl. Ex. 1); see MicroStrategy, 429 F.3d at 1352.

VeriFone's mounts are anything but removable. They are "riveted in place to the taxi's

partition or seat" to discourage tampering and stealing of electronic displays (Def. Mem. at 15),

and are unlike Plaintiff's book holder which is "easily and removably attached" (Maier Decl. Ex.

1). See Ottah, 2012 WL 527200, at *7 ("The ability to attach and remove quickly, which, as

discussed above, is a primary feature of the '840 Patent, is not 'substantially the same' as drilling

into floorboards.").

Accordingly, the VeriFone mounts do not literally infringe the '840 Patent. See

MicroStrategy, 429 F.3d at 1352.

### No Infringement under the Doctrine of Equivalents

Defendant argues that Ottah is precluded from relying upon the doctrine of equivalents

because, in prosecuting his patent before the USPTO, Ottah previously argued that removal is

critical, i.e., "the use of adjustable, resilient clip arms . . . for clasping the book holder to the

movable vehicle providing quick removal and attachment without tools . . . is not obvious in

4

light of the prior art." (Def. Mem. at 16–17.) Plaintiff argues that the '840 Patent "anticipated the technological development" of (fixed) installation in a "vehicle back seat or partition." (Pl. Opp'n at 10.)

"[T]he doctrine of prosecution history estoppel limits the doctrine of equivalents when an applicant makes a narrowing amendment for purposes of patentability, or clearly and unmistakably surrenders subject matter by arguments made to an examiner." Am. Calcar, Inc. v. Am. Honda Motor Co., Inc., 651 F.3d 1318, 1340 (Fed. Cir. 2011) (internal quotation marks omitted). "The touchstone of prosecution history estoppel is that a patentee is unable to reclaim through the doctrine of equivalents what was surrendered or disclaimed in order to obtain the patent." Loral Fairchild Corp. v. Sony Corp., 181 F.3d 1313, 1322 (Fed. Cir. 1999).

Prosecution history estoppel bars Ottah's claim of infringement under the doctrine of equivalents. See Duramed Pharm., Inc. v. Paddock Labs., Inc., 644 F.3d 1376, 1380 (Fed. Cir. 2011). On January 21, 2005, the USPTO rejected Ottah's initial patent application because, among other reasons, his claim was not different from "prior art." (Maier Decl. Ex. 2.) By Preliminary Amendment, filed July 25, 2005, Ottah narrowed the scope of his claim and argued that "the use of adjustable, resilient clip arms on the clasp for clasping the book holder to the movable vehicle providing quick removal and attachment without tools . . . is not obvious in light of the prior art." (Maier Decl. Ex. 2.) That is, Ottah focused specifically on removably, not on fixed (i.e., riveted) installation. Judge McMahon's reasoning in Ottah's suit against First Mobile Technologies is compelling. See Ottah, 2012 WL 527200, at *8. In finding that Ottah's prosecution history estopped his infringement claim under the doctrine of equivalents, Judge McMahon found as follows:

> Ottah may not rely and focus on the easy removability of his
> invention without tools in order to acquire the '840 Patent and then

5

> expand the scope of that patent later by equating that same feature
> to other more difficult and tool-requiring methods of attachment.
> In other words, only a product which can be attached quickly,
> removably, and without tools, in a manner akin to that of the '840
> Patent, can infringe that patent.

Id. Here, because Ottah previously argued that the defining characteristic of his book holder is

its "quick removal and attachment without tools," he cannot now claim that the permanent rivet

attachments of the VeriFone mounts are "equivalent" to the limitations described in the '840

Patent. See id.

Accordingly, the VeriFone mounts do not infringe the '840 Patent, and summary

judgment is granted. See Duramed, 644 F.3d at 1380.

### Australian Patent

Defendant argues that Ottah "does not allege any products or sales, or other acts in

Australia relating to infringement" of the Australian Patent. (Def. Mem. at 14.) Plaintiff argues

that the Australian Patent "offer[s] the defendant a second opinion on . . . [the] authenticity" of

the '840 Patent. (Pl. Opp'n at 12.)

Assuming, arguendo, that Plaintiff is seeking enforcement of the Australian Patent

(which is unclear from the record), the Court would decline to exercise supplement jurisdiction

over Ottah's foreign law patent claim under 28 U.S.C. § 1367(c) because, as discussed supra pp.

2–6, the Court has dismissed all of Ottah's U.S. patent claims over which it has original

jurisdiction. See Voda v. Cordis Corp., 476 F.3d 887, 898 (Fed. Cir. 2007).

6

**Conclusion & Order**

For the foregoing reasons, VeriFone's motion for summary judgment [#25] is granted.

The Clerk of the Court is respectfully requested to close this case.

Dated: New York, New York
      October 10, 2012

RMB

**RICHARD M. BERMAN, U.S.D.J.**

Appendix, Page A7

Filed: 01/24/2013

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __/o/_11_/_1_2_

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

CHIKEZIE OTTAH,

                    Plaintiff,                              11 **CIVIL** 6187 (RMB)

          -against-                                         **JUDGMENT**

VERIFONE SYSTEMS, INC.,
                    Defendant.
-----------------------------------------------------------------X


Verifone Systems, Inc. ("Verifone") having moved for summary judgment, and the matter

having come before the Honorable Richard M. Berman, United States District Judge, and the Court,

on October 10, 2012, having rendered its Opinion and Order granting Verifone's motion for

summary judgment, it is,

**ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the

Court's Opinion and Order dated October 10, 2012, Verifone's motion for summary judgment is

granted; accordingly, the case is closed.

**Dated:**  New York, New York
          October 11, 2012

                                                  **RUBY J. KRAJICK**
                                          _____
                                                  **Clerk of Court**

                                   **BY:**  _____
                                                       λ ␣

                                                  **Deputy Clerk**


                                   THIS DOCUMENT WAS ENTERED
                                   ON THE DOCKET ON _____



US007152840B2

(12) **United States Patent**　　(10) **Patent No.:**　　**US 7,152,840 B2**
Ottah et al.　　　　　　　　　　(45) **Date of Patent:**　　　**Dec. 26, 2006**

(54) **BOOK HOLDER**

(76) Inventors: **Chikezie Ottah**, 1035 Clarkson Ave., Apt 5a, Brooklyn, NY (US) 11212; **Chineye Ottah**, 4ᵗʰ Ave #6, TransEklu, GRA, Enugu State (NG); **Keneth Ottah**, 4ᵗʰ Ave #6, TransEklu, GRA, Enugu State (NG)

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 0 days.

(21) Appl. No.: **10/366,779**

(22) Filed: **Apr. 24, 2003**

(65) **Prior Publication Data**

US 2004/0214154 A1　　Oct. 28, 2004

(51) **Int. Cl.**
　　*A47B 5/04*　　　　(2006.01)
(52) **U.S. Cl.** .................................................. **248/444.1**
(58) **Field of Classification Search** ............... 434/179, 434/308, 309, 317, 322, 365, 428, 430, 432; 248/441.1, 444, 445, 448, 449, 450, 451, 248/454, 458
　　See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 1,377,230 A | * | 5/1921 | Taylor ....................... 248/454 |
| 2,439,950 A | * | 4/1948 | Rogers ...................... 248/447 |
| 2,627,694 A | * | 2/1953 | Saecker ..................... 248/447 |
| 3,351,312 A | * | 11/1967 | Ballas ....................... 248/448 |
| 3,408,032 A | * | 10/1968 | Francis ...................... 248/450 |
| 3,497,882 A | * | 3/1970 | Weeks ....................... 482/148 |

| | | | |
|---|---|---|---|
| 4,021,013 A | * | 5/1977 | Wiersma ................... 248/453 |
| 4,431,156 A | * | 2/1984 | Mena ........................ 248/445 |
| 4,553,728 A | * | 11/1985 | Corsello .................... 248/452 |
| 4,591,124 A | * | 5/1986 | Hellenbrand et al. .... 248/447.2 |
| 4,790,506 A | * | 12/1988 | Malinowski et al. .... 248/441.1 |
| 4,867,407 A | * | 9/1989 | Becker ..................... 248/444.1 |
| 5,054,736 A | * | 10/1991 | Champoux ................. 248/444 |
| 5,059,149 A | * | 10/1991 | Stone ........................ 446/73 |
| 5,460,102 A | * | 10/1995 | Pasmanick ................. 108/43 |
| 5,595,489 A | * | 1/1997 | Kwon ....................... 434/319 |
| 5,615,856 A | * | 4/1997 | Simington ................. 248/452 |
| 5,709,365 A | * | 1/1998 | Howard ..................... 248/454 |
| 5,755,423 A | * | 5/1998 | Michela .................... 248/459 |
| 5,855,329 A | * | 1/1999 | Pagano ...................... 248/451 |
| 5,884,888 A | * | 3/1999 | Grimes et al. ........... 248/441.1 |
| 6,045,179 A | * | 4/2000 | Harrison ................. 297/188.2 |
| 6,064,855 A | * | 5/2000 | Ho ............................ 434/317 |
| 6,202,973 B1 | * | 3/2001 | Navarin et al. ............ 248/444 |

* cited by examiner

*Primary Examiner*—Kurt Fernstrom
(74) *Attorney, Agent, or Firm*—James D. Palmatier; Applied Patent Services

(57)　　　　　　　**ABSTRACT**

A book holder removably attachable to a vehicle or structure such as a stroller, walker, wheelchair or car seat for mobile applications. The book holder for holding a book or drawing surface in a usable position thereon for by the occupant of the vehicle. The book holder comprising an adjustable clasp on the vehicle, an arm extending to a book platform, the arm providing rotational pivotal and axial adjustment to hold the platform in spaced relation to the clasp. A plurality of spring biased clamps on the platform to secure the book to the book holder.

**1 Claim, 4 Drawing Sheets**





Fig. 1

Fig. 2



Fig. 3



Fig. 5

Fig. 4



107

102

109

103

_Fig. 7_

126

127

128

122

_Fig. 6_

108

22

120

124

81

74b

74a

79

104

106

74b

74a

_Fig. 8_

US 7,152,840 B2

**1**

# BOOK HOLDER

## BACKGROUND OF THE INVENTION

### 1. Field of the Invention

The present invention relates generally to a removable book holder assembly for use by a person in a protective or mobile structure such as a car seat, wheelchair, walker, or stroller. The Book holder having an adjustable, releasable clipping means and a support arm configured for axial, rotational and pivotal adjustment of the book supporting surface of the book holder to hold a book in a readable position in front of the user.

### 2. Description of the Related Art

The prior art of book holders comprises a variety of devices for supporting a book on a platform in a position for viewing or reading. A conventional book holder includes a supporting structure for supporting the book support on a table. The platform is supported by a table or other such flat structure as seen in the Michela U.S. Pat. No. 5,755,423 for a FOLDING PORTABLE SUPPORT STAND, wherein a device is disclosed comprising hinged covers folding into a support structure for holding a booking the open position on a flat horizontal surface.

The prior art also discloses structures built around the person to hold a book in useful relation such as the ADJUST-ABLE BOOK HOLDER in U.S. Pat. No. 6,202,973 to Navarin et al. In the '973 patent a structure is disclosed for holding a book in a readable position on a structure attach-able to the reader's torso. The Weeks U.S. Pat. No. 3,497, 882 for SUPPORT MECHANISM FOR SUPPORTING VARIOUS DEVICES TO BE EMPLOYED IN COOPERA-TION WITH A HOSPITAL BED likewise discloses a support structure disposed over the bed and a book holder slidably mounted on the support structure for holding the book in reading position while the reader is lying in bed.

The Wiersma U.S. Pat. No. 4,201,013 for a BOOK HOLDING DEVICE discloses a detachable device for use on a bed to suspend a book holder from over the reader's head. The Wiersma device is clamped to a headboard of a bed using C-clamps.

The book holders disclosed in the prior art suffer from a number of disadvantages. In particular, such book holders include do not provide an adequate solution for young children or mobility limited adults. These people spend a significant amount of their time outdoors (e.g., parks, beaches, playground, theme parks, etc) and conventional book holders are primarily designed for indoor use. The book holders in the prior art lack the ease of application to a mobile vehicle such as a wheelchair or stroller to allow the reader to have mobility to explore their environment in a stationary sitting or reclining position while reading a book supported on the mobile vehicle. As a result, the learning benefits are significantly reduced.

The prior art does not accommodate easy and quick attaching the book support onto a structure for mobile use. Thus there is a need for an improved Book Holder that is quickly and easily clipped to a mobile vehicle such as a wheelchair or stroller for holding the book in a reading position in spaced relation to the clip.

## SUMMARY OF THE INVENTION

It is an object of the present invention to provide a book holder that can be easily and removably attached to and removed from a bar or portion of the mobile vehicle without tools.

**2**

It is an object of the present invention to provide an adjustable clasp for attaching the book holder to the mobile vehicle to easily and quickly attach or detach the book holder.

It is further object of the present invention to provide an arm between the clasp and the book support platform to hold the book in spaced relation from the clip.

It is another object of the present invention to provide a pivotal attachment between the clasp and the support plat-form to hold the book on the support platform at a selected angle with respect to the reader for ease of viewing.

It is another object of the present invention to provide a telescoping arm between the clasp and the book support platform to axially adjust the position of the support plat-form with respect to the clasp to position the platform in a position for ease of viewing by the reader.

It is another object of the present invention to provide a book holder having an elongate arm with a rotational adjustment to rotate the position of the support platform with respect to the clasp to a position for ease of viewing by the reader.

It is another object of the present invention to provide a clasp comprising a clip having an adjustable, resilient arm for removably attaching to a mounting structure on the mobile vehicle.

It is another object of the present invention to provide a locking means on the book holder to retain the rotational, pivotal and axial position of the support platform with respect to the clasp.

It is another object of the present invention to provide a support platform adaptable for use as a writing board.

It is another object of the present invention to provide a connector means for removably securing a book to the book holder in a reading position.

## BRIEF DESCRIPTION OF THE DRAWINGS

FIG. **1** is a perspective view of a book holder showing a first embodiment of the present invention;

FIG. **2** is a schematic view of a book holder according to a second embodiment of the present invention;

FIG. **3** is an exploded view of a book holder illustrating the square telescoping arm;

FIG. **4** is a side perspective view of the book holder of FIG. **1** illustrating an alternative clip arrangement;

FIG. **5** is a perspective view an adjustable clip;

FIG. **6** is a perspective view of a book clamp.

FIG. **7** is a perspective view of a clip arm.

FIG. **8** is a elevation view of a plurality of clip arms from FIG. **7** on the clasp for releasable attachment of the book holder to a mobile vehicle.

## DETAILED DESCRIPTION OF THE INVENTION

Referring to FIG. **1** there is illustrated a book holder assembly **10** according to the first embodiment of present invention. The book holder **10** comprises a book platform **12** and an adjustable arm **14** and a clasp **15**. The book platform **12** includes a generally planar panel **16** having a front **18** and a rear surface **20**. The front surface **18** is configured to hold a book or suitable for use as a writing/drawing board (eg a white-board, a blackboard, an electronic board). The rear surface **20** of the book platform **12** is attached to the adjustable support arm **14** at angle suitable for reading. The book platform **12** can be integrally formed with the support arm **14** such that the support arm **14** forms a portion of the

US 7,152,840 B2

3

book support protrudes from the rear surface **20** of the panel **16**. Preferably, though the supporting arm **14** and the book platform **12** are provided as separate items to be assembled by the user.

Mounted to the front surface **18** of panel **16** are two pairs of spring biased book clamps **22** for securing a book (not shown) to the book holder **10**. The first pair of spring biased book clamps **22a**, **22b** is located near the top edge **24**. The second pair of spring biased book clamps **22c**, **22d** is located near the bottom edge **26**.

Continuing to refer to FIG. **1** the panel **16** may be made of plastic and the book clamps **22** made of steel covered by plastic. However, other materials such as wood, metal, etc, and combination thereof may be used in the manufacturing of the book holder assembly **10**.

The arm **14** comprises a first end **23** and second end **25**. The clasp **15** is on the first end **23**. The second end **25** is a spaced from the first end **23**. The second end **25** is adjustably attached to the book platform **12**. The arm **14** includes a telescoping arrangement **32** in which an upper support portion **34** of the support arm **14** slides within a lower support portion **36** and is held at a selected position by a locking member **55** (FIG. **2**). The lower support portion **36** of the support arm **14** is attached to the clasp **15**. The clasp **15** comprises one or more clips **40** for removeably attaching the book holder **10** to the mobile vehicle (not shown).

The clips **40** are adjustable in shape and size to fit the shape and size of the supporting frame member on the mobile vehicle (not shown). The clips **40** comprise a pair of resilient C-shaped clip arms **42** adjustably attached to the clip **40**. The first clip arm **42a** is spaced from the second clip arm **42b** in order to tightly retain the supporting frame member of the mobile vehicle (not shown) therebetween. To secure the book holder **10**, the user forces the clip arms **42a** and **42b** apart to allow the frame member to slip between the clip arms **42a**, **42b**. The clip arms **42a**, **42b** then snap resiliently together to hold the book holder **10** to the frame member (not shown) of the mobile vehicle (not shown).

Referring to FIG. **2**, the book holder **210** comprises a book support platform **212**, a generally planar panel **216**, a support arm **214** and a dual clasp **215**. The support arm **214** comprises a support member **50** extending from the middle section of the panel **216**, an elongate arm **52** and an adjustable angle mount **54**. The angle mount **54** connects the support member **50** to the elongate arm **52** to hold the panel **216** in spaced relation to the clasp **215**. The angle mount **54** comprises locking member **55** to hold the panel **216** and clasp **215** in the user selected position. The angle mount **54** allows the panel **216** to be adjusted both axially and rotationally with respect to the clasp **215**. The book support **212** may be pivotally mounted (FIG. **4**) to the support member **50** to allow the panel **216** to be pivoted with respect to the support member **50**.

Continuing to refer to FIG. **2**, the dual clasp **215** comprises a clip bar **238** and a pair of clips **240** attached to the clip bar **238**. The clips **240** are spaced from each other to provide a secure attachment to the mobile vehicle (not shown). As a result, the book holder **210** of FIG. **2** is adjustable for height and rotation and pivotal angle with respect to the clasp **215**.

Referring now to FIG. **3** an alternative support arm **314** comprises concentrically mounted, square tube members **60**, **62**. The open box-shaped male member **60** is adapted to attach to a book support platform (**12**, FIG. **1**) on one end and slidably insert into member **62** with the other end. The male member **60** is adapted for separable, concentric interconnection with the female member **62** to form a telescoping

4

arrangement for axial adjustment of the spaced relational distance between the book support **312** and the female member **62**. The male member **60** comprises a front portion **64a**, a back portion **66a**, a pair of side portions **68a** and **70a**, a lower portion **72a**, and a top **74a**. The side portions **68a** and **70a** of the male member **60** have holes **80a** formed in a pattern therein. The top **74a** is adapted to attach to the book support (**12**, FIG. **1**). The female member **62** comprises a front portion **66b**, a back portion **66b**, a pair of side portions **68b** and **70b**, a lower portion **72b**, and an open top **74b**. The side portions **64b** and **66b** of the male member **62** have holes **80b** formed therein for concentric alignment with the holes **80a** in the male member **60**. The lower portion **72b** is adapted to attach to the clasp **15**. The male member **60** fits slidably into the female member **62** such that at least one hole **80a** in the side wall **64a** of male member **60** is concentrically aligned with a hole **80b** in the adjacent side wall **64b** of the female member **62** at a predetermined position to axially space the clasp **15** from the book support (**12**, FIG. **1**). The user then fixes the male member **60** to the female member **62** by connector means (not shown).

FIG. **4** illustrates a book holder **410** comprising a book support **412** and a support arm **414**. The support arm **414** comprises a clasp **15**, a lower section **73** and an upper section **75**. The clasp **15** comprises an adjustable clip **70** mounted on the lower section **73**. The adjustable clip **70** is rotatable with respect to the arm **414** to removably attach the book holder **410** to a vertical or horizontal object (eg, a pole) (not shown) on the mobile vehicle. The arm connector **415** rotateably and slidably attaches the lower section **73** of the supporting arm **414** to the upper section **75**. the upper section **75** has pivotal connector **420** (FIG. **4**) on the book support **412**. The clip **70** has adjustable clip arms **74a**, **74b** to allow different sizes of objects to be attached to the book holder **410**. The position of the clip arms **74a**, **74b** along the clip body **78** can be selectively fixed by a screw **415**.

Referring to FIG. **5**, the clasp **15** includes a clip body **101**and a pair of clips arms **74a**, **74b** extending from the clip body **101**. The clip **70** comprises a clip head **79** having a plurality of holes **77** fastener. The clip arms **74a**, **74b** are mounted on the clip head **79** in spaced relation to securely and removably attach the book holder **410** (FIG. **4**) to the mobile vehicle (not shown). The body **101** of the clip **70** may have a plurality of holes **91** formed therein in spaced relation to each other for adjustable connection of the clip **70** to the arm **414** (FIG. **4**). Each clip arm is attached to the clip body in one of several selectable positions along said clip body. Preferably, the clip **70** includes a clip body **101** on the arm **414**, a clip head **79** on the clip body **101** and a plurality of clip arms **74a**, **74b** removably attached to the clip head **79**. A screw **415** orother fastener is remvoeably attached to the clip head **79** for selectively fixing the position of said clip arm along said clip body. The clip means may alternatively be a spring clip or include at least one resilient clip arm.

Referring to FIG. **6** the head **79** is shown with two sets of clip arms **74a**, **74b** Each clip arm **74a** and **74b** is attached by fastener **81** which may be removable such as a screw. The arms **74** are thereby adjustably spaced from each other to adapt to resiliently clasping onto a mounting portion of the mobile vehicle (not shown).

referring to FIG. **7** a clip arm **74** is shown comprising a flex section **103**, a base **102** and a tip **107**. The base **102** has one or more holes **109** formed therein for aligning with a hole on the clip head **79** to accommodate attaching the clip arm **74a** to the clip head **79** by screw, rivet or other mechanical fastener **81**. The clip arms **74a**, **74b** are attached to the clip head **79** in a C relation (FIG. **6**) to form adjustable

US 7,152,840 B2

5

clasp **15**. The flex section **103** allows the tip **107** to deflect from its rest position to accommodate the portion of the vehicle to be attached to be disposed between the clip arms **74***a*, **74***b*. The resilient material of the lip arms **74***a*, **74***b* urges the tip **107** back to the rest position causing the clip arm **74***a* to bear against the vehicle to removably attach the book holder **10** to the vehicle (not shown). Tip **107** may also have holes **109** formed therein for alternate configurations on head **79** (FIG. **6**) or alternate attachment methods.

Referring to FIG. **8**, a book clamp **22** comprising a body **108**, a spring **120** and a slidable grip **122**. The slidable grip **122** is slidably mounted to the body **108**. The spring **120** has a first end **124** on the body **108** and a second end **126** on the grip **122** to urge the grip in the clamped position **127**. The book clamp **22** is mounted on the panel **16** having the grip **122** extending from the front surface **18** for engaging a book or other device to be retained on the book holder **10**. The spring **129** and slidable attachment between the grip **122** and the clamp body **108** allow the grip to be moved into position to engage the book with the finger portion **128** of the grip **122**. The spring **120** bears against the grip **122** to hold the book against the front surface **18** thereby securing the book (not shown) to the book holder **10**.

In use, the book holder **10** is attached to the vehicle (not shown) by use of the clasp **15**. The clasp **15** is rotationally adjusted on the support structure on the vehicle to begin the book holder **10** adjustment to a usable position. The telescoping mechanism in the arm **14** is used to axially adjust the spacing between the clasp **15** and the support platform **12**. The rotational coupling between the first end of the arm **14** and the second end of the arm is used to rotate the support platform around the axis of the arm **14** to an operable position. Lastly, the pivotal connection **420** (FIG. **4**) between the arm **14** and the support platform **12**.

The book platform **12** may also be used to support such items as audio/video equipment, PDAs, or mobile phones, cameras, computers, musical instruments, toys, puzzles and games. The panel **16** may be provided with a set of mounting positions for receiving and/or mounting the above items (NOT SHOWN).

6

Although the invention has been described above in connection with particular embodiments and examples, it will be appreciated by those skilled in the art that the invention is not necessarily so limited, and that numerous other embodiments, examples, uses, modifications and departures from the embodiments, examples and uses are intended to be encompassed by the claims attached hereto. The entire disclosure of each patent and publication cited herein is incorporated by reference, as if each such patent or publication were individually incorporated by reference herein.

We claim:

1. A book holder for removable attachment, the book holder comprising:

a book support platform, the book support platform comprising a front surface, a rear surface and a plurality of clamps, the front surface adapted for supporting a book, the plurality of clamps disposed on the front surface to engage and retain the book to the book support platform, the rear surface separated from the front surface;

a clasp comprising a clip head, a clip body and a pair of resilient clip arms, the clip arms adjustably mounted on the clip head, the clip head attached to the clip body; and

an arm comprising a first end and a second end and a telescoping arrangement, the clasp on the first end, the second end pivotally attached to the book support platform, the telescoping arrangement interconnecting the first end tob the second end, the clasp spaced from the book support platform wherein the book holder is removably attached and adjusted to a reading position by the telescoping arrangement axially adjusting the spaced relation between the book support platform and the clasp and the pivotal connection on the book support platform pivotally adjusting the front surface with respect to the arm.

\* \* \* \* \*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on January 24, 2013, the foregoing **BRIEF AND APPENDIX FOR DEFENDANT-APPELLEE** was filed with the clerk of this Court by using the CM/ECF system and was served via U.S. Mail on:

Chikezie Ottah
648 Dorothea Lane
Elmont, NY 11003

> /s/ Owen W. Dukelow
> Owen W. Dukelow
> KOLISCH HARTWELL, P.C.
> 520 SW Yamhill St., Suite 200
> Portland, Oregon 97204-1324
> Phone: (503) 224-6655
> Fax: (503) 295-6679
> owen@khpatent.com
>
> *Attorneys for Defendant-Appellee*
> *VeriFone Systems, Inc.*